SMITH INCANDESCENT LIGHT CO. v. WELSBACH GASLIGHT CO.

(District Court, S. D. New York.   July 20, 1912.)

No. 5—122.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT.
    The Smith reissue patent, No. 13,033 (original No. 759,037), for a lamp,
    claims 22–30, are void as not for the same invention disclosed in the
    original patent; also, *held* not infringed if conceded validity.

In Equity.   Suit by Smith Incandescent Light Company against the
Welsbach Gaslight Company for infringement of reissued letters patent
No. 13,033 (original No. 759,037) issued to Harper F. Smith November
2, 1909.   On final hearing.   Decree for defendant.

Miller & Merwin (Timothy D. Merwin and W. Hastings Swenarton,
of counsel), for complainant.

Alfred Wilkinson and Bakewell & Byrnes (C. P. Byrnes, of counsel),
for defendant.

PLATT, District Judge.   The gist of the invention of the patent in
suit, as stated by counsel for complainant, consists in placing beneath
the globe of an outdoor lamp, a plate or disc, having above it, and before
the globe is reached, vertical wings radially disposed about the
center of the globe opening, and also placing a circular disc inside the
globe, centrally above the opening.   Cross-currents of air passing underneath
and close to the globe are caught between the outer disc and
wings and forced upwardly through the opening against the under side
of the disc within the globe, and by it deflected toward the walls of the
globe, so as not to impinge directly upon the burner mantles arranged
just above.   Complainant contends that defendant's device complained
about has a similar attachment beneath the globe and a "hat shaped"
piece inside the globe, which is the deflecting disc or plate of complainant's
combination.

The two main defenses which impress me are:

(1) That defendant has no plate or disc *inside* his globe, which can
in any sense be construed to be the equivalent of the complainant's
plate or disc, inside *his* globe.

(2) That the claims of the reissued patent, upon which the suit is
brought, are invalid, because they attempt to cover an invention which
was not in the mind of the inventor when he obtained his original patent.

In a sense these defenses interlock, but the intolerable weather, coupled
with the necessity of personal rest and recuperation, forbid any
attempt at extended analysis.

It appears that the alleged infringing device was complained about
in this court some years ago, using Smith's original patent No. 759,037
as the basis of attack.   In that patent the disc or cup inside the globe
was stated in the specification to be "of greater diameter than the
opening $D$ of the lamp globe, so that any air entering thereat is de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

flected toward the sides of the globe C. In this way the glass is kept cool and the mantles protected from any currents." Complainant took his prima facie proofs in that suit, using the same expert who appears in this one. Defendant took his proofs, at great cost. Complainant then applied for a reissue of the Smith patent, obtained it, discontinued the old suit, and started the one now under discussion.

Defendant suggests that having shown so plainly that there was no infringement in the earlier case, because it had no cup or disc inside the globe which functioned as complainant's inside cup or disc did, the patentee Smith, with the knowledge thus gained, succeeded in his effort to obtain claims which are not warranted by anything disclosed in the original patent. In the reissue, Smith states that his disc or deflecting means is of sufficient size to send the entire air currents into the zone intermediate the sides of the globe, and the central zone, which is the zone of maximum temperature. This is a clear departure from the letter and spirit of his disclosure in the original patent.

Defendant insisted in the first suit, and still insists, that its device has no cup or disc *inside* the globe. Its disc, it is asserted, has its location before the air currents get into the globe and is nothing more or less than a baffling device which steadies the air currents and then permits them to pass quietly up into the globe.

Even if, by a stretch of the imagination, one should say that the disc is within the globe, because it lies in the glass extension of the globe downwards, it is insisted by the defendant that it does not in any sense function as complainant's disc must, because its diameter is less than that of the glass extension. Claims 22–30 are the claims which defendant insists are not found in the original invention. Claims 1–5 are not suggested in the bill, but have been developed during the proofs. Defendant has no such cup or disc inside the globe as is called for in claims 1–5. Whether the state of the pleadings offer a basis for complaint about these claims is immaterial, because there is no infringement.

As to claims 22–30, I do not think that the Patent Office would have allowed them, if the facts of the case had been known. I think that they are not for the same invention as disclosed by the original patent, and I also think that, if anybody can argue himself into finding them valid, they are not infringed.

I have given attention to the prior use defense, but deem it unnecessary to discuss it.

Let the bill be dismissed, with costs.